UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **MARK HANNA** | **CIVIL ACTION NO. 3:15-cv-1032** |
|     **LA. DOC #132872** | |
| **VS.** | **SECTION P** |
| | **JUDGE ROBERT G. JAMES** |
| **SHERIFF STEVE PRATOR** | **MAGISTRATE JUDGE KAREN L. HAYES** |

REPORT AND RECOMMENDATION

*Pro se* petitioner Mark Hanna, a prisoner in the custody of Louisiana's Department of Corrections who is incarcerated at the Caddo Corrections Center, filed the instant petition for *habeas corpus* on March 25, 2015. He contends that he was denied Due Process insofar as the Louisiana Parole Board, in its application of La. R.S.15:574.9, refused to credit against his 90 day parole revocation sentence, some 42 days he claims were spent in custody awaiting the revocation hearing.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the petition be **DISMISSED WITHOUT PREJUDICE** for failing to exhaust available State court remedies.

*Background*

On some unspecified date petitioner was convicted of two counts of simple burglary and sentenced to serve 8 years by the Third Judicial District Court, Lincoln Parish. [Doc. 1, ¶1-6] Thereafter, on some unspecified date, he was "released as if on parole" pursuant to La. R.S.15:571.5 having accumulated sufficient "good time" credits to merit such release. On

January 14, 2015, he was arrested for violating the conditions of his parole, namely in failing to provide an accurate residence address and for absconding supervision. On February 24, 2015, petitioner "met with Parole Board officials who advised that as an alternative to full revocation of the parole, as a first-time technical violator, [he] was eligible for the 90-day sentence pursuant to La. R.S.15:574.9(G)(1)(a)."[1] The Parole Board further advised that "all the days of detention that [he] served waiting for the parole revocation hearing to commence from the day of [his] arrest on the alleged violations would not be credited to the 90-day sentence if it was imposed for a technical violation." Having been so advised, petitioner waived his right to a preliminary and final revocation hearing and admitted to having violated the conditions of parole. He was then ordered to serve 90 days in custody.

In accordance with the statute, he has been denied credit against the 90 day sentence for the 42 days of custody he served from the date of his arrest to the date of the parole board hearing. As a result, on March 16, 2015, petitioner submitted an "Emergency Grievance" to the Department of Public Safety and Corrections seeking 42 days credit against his 90 day parole revocation sentence. When no response was instantly forthcoming, he filed the instant petition on March 25, 2015, a period of 9 days after having submitted his grievance.

---

[1] The statute provides: "Except as provided in Subparagraph (b) of this Paragraph, any offender who has been released on parole and whose parole supervision is being revoked under the provisions of this Subsection for his first technical violation of the conditions of parole as determined by the committee on parole, shall be required to serve not more than ninety days without diminution of sentence or credit for time served prior to the revocation for a technical violation. The term of the revocation for the technical violation shall begin on the date the committee on parole orders the revocation. Upon completion of the imposed technical revocation sentence, the offender shall return to active parole supervision for the remainder of the original term of supervision. The provisions of this Subsection shall apply only to an offender's first revocation for a technical violation."

He claims that the failure of the Department to credit him for time served prior to the revocation hearing violates his right to Due Process as guaranteed by the Fourteenth Amendment, and, that the failure of the Department to convene the revocation proceeding in a timely fashion also violates his Due Process rights.  Further, petitioner contends that "there is not adequate corrective procedural mechanism available in Louisiana law for securing the timely, lawful release of myself back to parole status upon completion of the 90 day technical violation sentence."  Accordingly, petitioner maintains that federal *habeas corpus* relief provides "the only available corrective procedural mechanism appropriate to securing [his] timely lawful release..." In an addendum to the petition petitioner also maintains that the statute in question violates separation of powers and amounts to a bill of attainder, and resulted in "[i]mprisonment without due process of law...".  On April 8, 2015, petitioner filed an "Emergency Motion for Expedited Consideration" of his petition for *habeas corpus*. [Doc. 5]

### *Law and Analysis*

Petitioner is "... in custody pursuant to the order of a State court..." and therefore his petition arises under 28 U.S.C. §2254. Among other things, the statute provides in pertinent part:

> An application for a writ of *habeas corpus* on behalf of a person in custody pursuant to the judgement of a State court shall not be granted unless it appears –
>
> (A) the applicant has exhausted the remedies available in the courts of the State; or
>
> (B)(i) there is an absence of available State corrective process; or
>
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.  28 U.S.C. §2254(b)(1)(A) and (B).

The statute codifies decades of federal jurisprudence which require a state prisoner

seeking federal *habeas corpus* relief to exhaust all available state court remedies prior to filing his federal petition. *See*: *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982); *Minor v. Lucas*, 697 F.2d 697 (5th Cir.1983); *Mercadel v. Cain*, 179 F.3d 271, 275 (5th Cir.1999); *Fisher v. Texas*, 169 F.3d 295, 302 (5th Cir.1999); *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir.1998).

In order to satisfy the exhaustion requirement, the petitioner must have "fairly presented" the substance of his federal constitutional claims to the state courts in a "procedurally proper manner." *Wilder v. Cockrell*, 274 F.3d 255, 259 (5 Cir.2001); *O'Sullivan v. Boerckel*, 526 U.S. 838, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999); *Magouirk v. Phillips*, 144 F.3d 348, 360 (5th Cir.1998) citing *Richardson v. Procunier*, 762 F.2d 429, 431-32 (5th Cir.1985); *Mercadel*, 179 F.3d at 275 citing *Dupuy v. Butler*, 837 F.2d 699, 702 (5th Cir.1988); *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir.1982), *cert. denied*, 460 U.S. 1056, 103 S.Ct. 1508, 75 L.Ed.2d 937 (1983); *Deter v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993). Moreover, each claim must be presented to the state's highest court, even when review by that court is discretionary. *O'Sullivan v. Boerckel*, 526 U.S. 838, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999); *Magouirk*, 144 F.3d at 360 citing *Richardson*, 762 F.2d at 431-32. In Louisiana, the highest court is the Louisiana Supreme Court. *See* LSA – Const. Art. 5, §5(a) ("The Supreme Court has general supervisory jurisdiction over all other courts...")

As noted above, petitioner claims that the Parole Board has violated his Due Process rights by applying the provisions of R.S.15:574.9(G) to deprive him of credit for time-served between the date of his arrest and the date of his parole revocation hearing.

Contrary to his assertion, following the revocation of his parole, State court remedies

were available to him. La. R.S. 15:574.11(A) provides, "No prisoner or parolee shall have a right of appeal from a decision of the board regarding ... the revocation or reconsideration of revocation of parole, except for the denial of a revocation hearing under R.S. 15:574.9." This statute has been interpreted by the Louisiana Courts to provide for judicial review of parole revocation proceedings "... where the parolee has alleged in his petition for judicial review that his right to a revocation hearing has been denied, or the procedural due process protections specifically afforded by LSA-R.S. 15:574.9 in connection with such a hearing were violated ..." See *Leach v. Louisiana Parole Bd.*, 2007-0848 (La. App. 1 Cir. 6/6/2008), 991 So.2d 1120, 1124 (quoting *Madison v. Ward*, 2000-2842 (La. App. 1 Cir. 7/3/2002), 825 So.2d 1245); see also *Bertrand v. Louisiana Parole Board*, 2006-0871 (La.App. 1 Cir. 3/28/07), 960 So.2d 979.

As noted, petitioner's claims allege that he was denied due process with regard to the application of the R.S.15:574.9(G) during his parole revocation hearing. As noted above, La. R.S. 15:571.11(C) provides, "The district court shall have appellate jurisdiction over pleadings alleging a violation of R.S. 15:574.9. The review shall be conducted by the court without a jury and shall be confined to the revocation record ... The court may affirm the revocation decision of the Board of Parole or reverse and remand the case for further revocation proceedings. An aggrieved party may appeal a final judgment of the district court to the appropriate court of appeal."

Thus, it appears that petitioner was obliged to seek review of his claim that the Parole Board violated his Due Process rights by filing a petition for review in Louisiana's Nineteenth Judicial District Court, the Judicial District embracing East Baton Rouge Parish. Thereafter, if unsatisfied, he was obliged to seek further review in Louisiana's First Circuit Court of Appeal

and the Louisiana Supreme Court if necessary. See *Madison v. Ward*, 2000-2842 (La. 1 Cir. 7/3/2002), 825 So.2d 1245, 1251, footnote 7; *Bertrand v.. Louisiana Parole Board*, 2006-0871 (La.App. 1 Cir. 3/28/2007), 960 So.2d 979; and *Leach v. Louisiana Parole Bd.*,2007-0848 (La. App. 1 Cir. 6/6/2008), 991 So.2d 1120.

Petitioner did not exhaust his due process claims in the Louisiana Courts prior to filing his federal petition; it further appears that his claim of "... an absence of available State corrective process..." is without a basis in fact.

*Conclusion and Recommendation*

Therefore,

**IT IS RECOMMENDED THAT** the Petition for Writ of *Habeas Corpus* be **DENIED** and **DISMISSED WITHOUT PREJUDICE** because petitioner failed to exhaust available state court remedies prior to filing his federal petition.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See**

*Douglass v. United Services Automobile Association,* **79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe, Louisiana, April 13, 2015.

　　　　　　　　　　　　　　　　 _____
　　　　　　　　　　　　　　　　 **KAREN L. HAYES**
　　　　　　　　　　　　　　　　 **UNITED STATES MAGISTRATE JUDGE**